```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/15/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                         :
IN RE: KEURIG GREEN MOUNTAIN                             :
SINGLE-SERVE COFFEE ANTITRUST                            :        14-md-2542 (VSB)
LITIGATION                                               :
                                                         :        **OPINION & ORDER**
*This Document Relates to All Related Actions*           :
                                                         :
-------------------------------------------------------- X

Appearances:

Daniel Johnson Jr.
Mario Moore
Robert G. Litts
Dan Johnson Law Group, LLP
Burlingame, CA

*Counsel for Plaintiff JBR, Inc.*

Leah Brannon
Cleary Gottlieb Steen & Hamilton LLP
Washington, DC

Wendelynne J. Newton
Buchanan Ingersoll & Rooney PC
Pittsburgh, PA

*Counsel for Defendant Keurig Green Mountain, Inc.*

VERNON S. BRODERICK, United States District Judge:

      Before me is the motion to transfer submitted by Plaintiff JBR, Inc. (d/b/a Rogers Family Company) ("Plaintiff," or "JBR") for its claims against Defendant Keurig Green Mountain, Inc. ("Defendant" or "Keurig") in this Multidistrict Litigation ("MDL") proceeding. (Doc. 1275.) Because transfer of this case is not compelled by statute at this stage in the litigation, and because I believe that JBR has failed to demonstrate good cause to warrant remand, JBR's motion for remand is DENIED. The several motions to seal filed in connection with this motion

are GRANTED.

### I. Factual Background and Procedural History

I assume familiarity with the factual background and extensive procedural history in this MDL litigation. This is the third motion for remand to the Eastern District of California that JBR has filed in this case. On February 13, 2020, JBR filed its first motion to remand, (Doc. 748); I denied that motion on March 12, 2020, noting that JBR could renew its request at the end of expert discovery, (Doc. 848). JBR appeared to renew its motion on September 29, 2020, (Doc. 1104, at 3 n.4), which Magistrate Judge Sarah L. Cave—to whom this case has been referred for general pretrial purposes—denied on October 20, 2020, again without prejudice to renew after the close of expert discovery, (Doc. 1152, at 3).

JBR filed the instant motion on April 8, 2021, along with a memorandum of law and a motion to seal. (Docs. 1274–77). On April 22, 2021, Keurig filed a memorandum of law in opposition to JBR's motion, accompanied by a declaration, exhibits, and a motion to seal. (Docs. 1301–1305.) Briefing on this motion was complete when JBR filed its reply memorandum of law, accompanied by a declaration, exhibits, and motions to seal on April 28, 2021. (Docs. 1308–13.)

### II. Legal Standard

If "pretrial proceedings have run their course," the Panel is obligated to remand any pending cases to their originating courts, an obligation that is "impervious to judicial discretion." *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 34–35 (1997); *see also* 28 U.S.C. § 1407(a) ("Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated . . .").

Even if not compelled by statute, courts also have discretionary authority to remand. The ultimate authority for remanding an action transferred for multidistrict litigation lies with the Panel itself. *See* 28 U.S.C. § 1407(a). The discretionary remand process is typically initiated when a transferee court recommends remand of an action to the transferor court by filing a suggestion of remand with the Panel. Rule 10.1(b), R.P.J.P.M.L. While the Panel is generally "reluctant to order a remand absent the suggestion of the transferee judge," *id.* Rule 10.3(a), the Panel may also remand an action upon its own initiative or motion of any party, *id.* Rule 10.1(b). "In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings." *In re Baseball Bat Antitrust Litig.*, 112 F. Supp. 2d 1175, 1177 (J.P.M.L. 2000) (quoting *In re Holiday Magic Sec. & Antitrust Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977)); *see also In re Brand-Name Prescription Drugs Antitrust Litig.*, 264 F. Supp. 2d 1372, 1376 (J.P.M.L. 2003) ("A transferee judge's suggestion of remand to the Panel is an obvious indication that he has concluded that the game no longer is worth the candle (and, therefore, that he perceives his role under section 1407 to have ended).").

An action can be remanded to its court of origin prior to the completion of pretrial proceedings "only upon a showing of good cause." *In re Integrated Res., Inc. Real Estate Ltd. P'ship Sec. Litig.*, 851 F. Supp. 556, 562 (S.D.N.Y. 1994) (internal quotation marks omitted). "In determining whether to issue a suggestion of remand to the Panel, the Court is guided by the standards for remand employed by the Panel." *In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.*, Nos. 08 Civ. 5440(RJH), 08 Civ. 5442(RJH), 2011 WL 1046162, at *3 (S.D.N.Y. Mar. 22, 2011) (internal quotation marks omitted). "The Court's discretion to suggest

remand generally turns on the question of whether the case will benefit from further coordinated proceedings as part of the MDL." *In re Merrill Lynch Auction Rate Sec. Litig.*, No. 09 MD 2030(LAP), 2010 WL 2541227, at *2 (S.D.N.Y. June 11, 2010) (internal quotation marks omitted). "The transferee court should consider when remand will best serve the expeditious disposition of the litigation." Manual for Complex Litigation (Fourth) § 20.133. "Because the purpose of multidistrict litigation is for the convenience of the parties and witnesses and to promote the just and efficient conduct of the cases, the decision of whether to suggest remand should be guided in large part by whether one option is more likely to insure the maximum efficiency for all parties and the judiciary." *In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.*, 2011 WL 1046162, at *4 (internal quotation marks omitted).

### III.   Discussion

#### A.   *Remand is Not Compelled by Statute*

Under the plain text of Section 1407(a), remand is required at the "conclusion of . . . pretrial proceedings." 28 U.S.C. § 1407(a). The term "pretrial proceedings" is neither defined in the statute nor clearly established in case law. Here, expert and fact discovery are complete, but summary judgment and *Daubert* motions remain outstanding. (*See* Doc. 1160.) There is nothing in the text of Section 1407(a) that indicates that "pretrial proceedings" should not include summary judgment and *Daubert* motions that are being briefed and decided before trial. Indeed, many courts interpreting Section 1407(a) have explicitly determined that "[t]he disposition of summary judgment motions is part of the 'pretrial proceedings' for which a case is transferred." *In re Photochromic Lens Antitrust Litig.*, Case No. 8:10–md–02173–JDW–EAJ, Case No. 8:10–cv–02040–JDW–EAJ, 2014 WL 12618105, at *2 (M.D. Fla. Oct. 14, 2011); *see also In re Elec. Books Antitrust Litig.*, Nos. 11 MD 2293(DLC), 12 Civ. 3394(DLC), 2014 WL 1642813, at *10

4

(S.D.N.Y. Apr. 24, 2014) ("[P]retrial proceedings are still ongoing.  The class plaintiffs' motion for summary judgment is still pending."); *U.S. ex rel. Hockett v. Columbia/HCA Healthcare Corp.*, 498 F. Supp. 2d 25, 37 (D.D.C. 2007) (finding that "[a]lthough discovery has been completed, pretrial proceedings still have not concluded" in part because "all prior proceedings—including rulings on motions for summary judgment—are pretrial proceedings that may properly remain before the transferee court.").  The same is true of *Daubert* motions.  *See In re Mirena Ius Levonorgestrel-Related Prods. Liab. Litig. (No. II)*, 249 F. Supp. 3d 1357, 1360 (J.P.M.L. 2017) (noting that "resolution of *Daubert* and summary judgment motions" are included among "pretrial proceedings").

In light of this, I do not find that "pretrial proceedings have run their course," *Lexecon Inc.,* 523 U.S. at 34, and therefore that remand is not mandatory.  As such, I must determine whether to exercise my discretion to remand the case to the Eastern District of California.

### B. *Remand Would Not Serve Judicial Efficiency or Expediency*

Parties seeking to remand a case to its court of origin prior to the completion of pretrial proceedings must make "a showing of good cause."  *In re Integrated Res., Inc. Real Estate Ltd. P'ship Sec. Litig.*, 851 F. Supp. at 562 (internal quotation marks omitted).  For the reasons that follow, I find that remand would not be the most efficient for all concerned.

There are two main reasons why transferring this action now will not "insure the maximum efficiency for all parties and the judiciary." *In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.*, 2011 WL 1046162, at *4 (internal quotation marks omitted).  First, retaining JBR's case ensures that this case "avoid[s] inconsistent rulings," particularly as it pertains to Defendant's upcoming motions for summary judgment.  *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, Master File No. 1:00-1898, 2019 WL 117302, at *3

5

(S.D.N.Y. Jan. 7, 2019). While the different sets of Plaintiffs in this litigation do not assert identical claims and have not retained the same experts, as Defendant rightly notes, (Doc. 1302, at 6–9), there are several issues common to JBR and other Plaintiffs in this litigation such that there is a real risk of inconsistent rulings on both *Daubert* and summary judgment motions. JBR states that this concern is overblown "because this court and the trial judge in California are fully capable of managing their dockets to take into account prior rulings on like issues." (Doc. 1310, at 1.) However, this argument refutes itself: JBR not only acknowledges that two courts would be deciding similar issues, thus duplicating efforts, but also that the court that makes a later ruling would have to review, take into account, and potentially respond to the court that made the earlier summary judgment ruling. Moreover, this does not eliminate the possibility of inconsistent rulings since each court would not be required to follow the decision of the co-equal court in the other jurisdiction and would therefore be free to render its own decision.

Second, it is far more efficient for me to handle any and all upcoming summary judgment motions. "It is a fundamental assumption of the multidistrict system that having only one court sort out the facts of complex and multi-faceted transactions and occurrences which have given rise to many competing legal claims well serves the goal of judicial economy." *In re Integrated Res., Inc.*, MDL No. 897, 1995 WL 234975, at *4 (S.D.N.Y. Apr. 21, 1995); *see also In re Photochromic Lens Antitrust Litig.*, 2014 WL 12618105, at *2 ("disposition of summary judgment issues common to the plaintiffs in the transferee court decreases the possibility of inconsistent rulings and conserves the resources of the courts and the parties."). This assumption holds true here. This case has been consolidated before me for more than seven years, during which time Judge Cave and I have become well acquainted with the parties, facts, and legal issues in this litigation. In light of the extensive discovery that has taken place, the many expert

6

reports at issue, and the fact that both Defendant and the other Plaintiffs in this litigation each propose hundreds of pages of summary judgment briefing, (Docs. 1412–13), it is safe to assume that any summary judgment motion that Defendant files in its case with JBR will be substantial at minimum and potentially massive. It is highly inefficient—and arguably prejudicial to the Eastern District of California—to transfer such a motion to a judge who, while surely capable, has not seen this case or reviewed the record in years.

In response, JBR argues that Defendant's summary judgment motions will be "futile," and therefore that transferring the case would allow the California court "to get up to speed on the nature of the factual disputes" in the case such that there will be "a more efficient trial and post-trial briefing." (Doc. 1310, at 6–7.) Of course, it is axiomatic that I cannot, and will not, "pre-judge" Defendant's upcoming motions for summary judgment, as Plaintiff appears to suggest I should. *See Pharmacychecker.com, LLC v. Nat'l Ass'n of Bds. Of Pharmacy*, No. 19-CV-7577 (KMK), 2021 WL 2477070, at *1 (S.D.N.Y. June 17, 2021). With regard to the court in the Eastern District of California getting "up to speed of the factual disputes," the parties will have ample opportunities to educate the court through pretrial submissions, including in limine motions and the pretrial order. In any event, if anything, my decision to keep JBR's case will reduce the amount of work for the Eastern District of California, because, even if Defendant's summary judgment motion does not resolve the entire litigation, it is possible that my ruling will narrow the issues in the case, meaning that there would be fewer issues for the California court to potentially resolve and try.

I acknowledge that this litigation is massive and time-consuming, and I am sympathetic to the fact that JBR has faced some hardship because of the delay in moving this case along. (*See* Doc. 1276, at 6–7.) However, there is no guarantee that remanding the case to California

would increase the pace of litigation, given that, as noted *supra*, the California court will have far less experience with this litigation. With regard to the location of witnesses, JBR notes that most of their witnesses reside in California and none reside near this District, (*id.* at 7); however, to the extent that future proceedings are in-person and not remote, JBR is of course welcome to make applications to provide for remote proceedings and/or attendance if necessary for the convenience of their witnesses. JBR further argues that remand would be more efficient because they do not bring class claims and the current scheduling order "contemplate[s] multiple months of class certification briefing." (*Id.* at 5.) Yet, as Defendant rightly notes, (Doc. 1302, at 14), any delay is not prejudicial because JBR will presumably be working on its summary judgment briefing during this time. Ultimately, I find that JBR has come well short of establishing good cause to remand this case in advance of the upcoming motions in this case.

### IV.   Conclusion

JBR's motion to remand, (Doc. 1275), is DENIED.

The motions to seal in connection with this motion filed at Documents 1274, 1301, 1308–09, and 1314) are GRANTED.

The Clerk's office is directed to terminate the open motions at Documents 1274–75, 1301, 1308–09, and 1314.

SO ORDERED.

Dated: July 15, 2021
New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge